**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KEVIN DANIEL BUTALA,
Plaintiff,
v.
DCH HONDA TEMECULA,
Defendant.

Case No. 26-cv-05101-BAS-JLB

**ORDER:**
**(1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**
**(2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 3)**

Pending before the Court are Plaintiff Kevin Daniel Butala's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3). For the reasons below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion in Forma Pauperis (ECF No. 2) and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed

without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family), *vacated in part on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff Kevin Daniel Butala's representations in his form are implausible. For instance, he represents that he has $0 in his total monthly expenses, yet represents he

pays $1,000,000 per month towards life insurance. From his current IFP motion, the Court cannot discern whether Plaintiff can afford to pay the filing fee.

Plaintiff's motion is thus, **DENIED WITHOUT PREJUDICE**. (ECF No. 2.) If Plaintiff wishes to file an amended IFP motion, he must do so by **September 18, 2026**. Alternatively, Plaintiff may also pay the filing fee. The Court warns Plaintiff that if he does not file an amended IFP motion by **September 18, 2026**, or pay the filing fee, the Court will direct the Clerk of Court to close the case.

## II. MOTION TO APPOINT COUNSEL (ECF No. 3)

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[ ] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case").

Here, Plaintiff has not adequately demonstrated any "extraordinary circumstances" warranting appointment of counsel. *See Olson v. Smith*, 609 Fed. Appx. 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016) (disabilities); *see also Signorelli v. Hughes*, 363 Fed. Appx. 455, 456 (9th Cir. 2010); (disabilities); *Bolton v. Towing*, No. 523CV00941JLSAJR, 2023 WL 8168951, at *1 (C.D. Cal. Nov. 9, 2023) (homelessness); *Webb v. NaphCare, Inc.*, 2022 WL 2192977, at *2 (W.D. Wash. Jun. 16, 2022) (homelessness and indigence). Moreover, the Court is unable to evaluate the likelihood of success on the merits of the case at this early stage in the proceedings.

Accordingly, the Court **DENIES** Plaintiffs' motion for appointment of counsel (ECF No. 3).

## IV. CONCLUSION

For the reasons above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion in Forma Pauperis. (ECF No. 2.) If Plaintiff wishes to file an amended IFP motion, he must do so by **September 18, 2026**. Alternatively, Plaintiff may also pay the filing fee. The Court warns Plaintiff that if he does not file an amended IFP motion by **September 18, 2026**, or pay the filing fee, the Court will direct the Clerk of Court to close the case.

The Court also **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3).

**IT IS SO ORDERED.**

**DATED: September 11, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**